IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paula Gail Karangelen, | ) | C/A No.: 4:10-612-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Eric Holder, Attorney General, The | ) | |
| Federal Bureau of Prisons, Dr. Massa, | ) | |
| Ms. Merritt, Mary Birchler, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motions to dismiss filed by Attorney General Eric Holder and the Federal Bureau of Prisons ("BOP") and by Dr. Massa, Ms. Merritt, Mary Birchler ("Employees"). [Entry #5, #14]. The BOP seeks dismissal of the complaint of plaintiff Paula Gail Karangelen for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Title VII is the exclusive remedy for claims of employment discrimination in the federal government and Plaintiff has not exhausted her administrative remedies as required by that statute. The BOP further argues that there is no waiver of sovereign immunity for Plaintiff's contract and constitutional claims. Employees seeks dismissal of Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the agency head, here the Attorney General, is the only proper defendant in a Title VII case arising from the BOP. Further,

Employees argue that there is no right of action against federal employees under either 42 U.S.C. § 1983 or § 1985.

Plaintiff filed responses to the motions [Entry # 27, #28], representing that she is not pursuing any cause of action for violations of Title VII, but is only pursuing causes of action for breach of contract, wrongful termination, 42 U.S.C. §1983, civil conspiracy, and intentional infliction of emotional distress. Plaintiff further argues that she may pursue a *Bivens*[1] action, although it is unclear what constitutional rights Plaintiff argues that defendants violated. Defendants have filed no reply.

In light of the court's independent obligation to ensure that subject matter jurisdiction exists, the court requests Plaintiff file a memorandum no later than September 19, 2011 explaining why her complaint should not be dismissed as precluded by the exclusivity of the remedies and procedures provided in the Civil Service Reform Act of 1978 (CSRA) and the Whistleblower's Protection Act of 1989, and the case law applying the same. *See e.g., Bush v. Lucas*, 462 U.S. 367 (1983); *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Pinar v. Dole*, 747 F.2d 899 (4th Cir. 1984); *and Swartz v. IRS*, 884 F.2d 1128 (8th Cir. 1989). Further, Plaintiff is to identify and provide a copy of the contract

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that federal officials acting under color of authority could be sued for violating a plaintiff's Fourth Amendment rights. In subsequent cases, the Court has expanded *Bivens* to apply to other amendments. *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *cf. Nixon v. Fitzgerald*, 457 U.S. 731, 748 n. 27 (1982) (assuming in dicta First Amendment a proper basis for Bivens action).

that the BOP allegedly breached, and to detail her utilization and exhaustion of the administrative appeals process prior to filing this action. Defendants may file a response within ten days of the filing of Plaintiff's memorandum, and should address whether Employees acted within the scope of their employment, and if so, the U.S. Attorney should file a certification as to the same. After the filing of the memoranda, the court will determine whether a hearing is necessary.

    IT IS SO ORDERED.

*Shiva V. Hodges*

September 2, 2011                            Shiva V. Hodges
Florence, South Carolina          United States Magistrate Judge