IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Paula Gail Karangelen, ) | C/A No.: 4:11-612-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Eric Holder, Attorney General, The ) | |
| Federal Bureau of Prisons, Dr. Massa, ) | |
| Ms. Merritt, Mary Birchler, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motions to dismiss filed by Attorney General Eric Holder ("Attorney General") and the Federal Bureau of Prisons ("BOP") pursuant to Fed. R. Civ. P. 12(b)(1) and by Dr. Massa, Ms. Merritt, Mary Birchler ("Employees") pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #5, #14]. Defendants seek dismissal of the complaint of plaintiff Paula Gail Karangelen. Plaintiff filed responses to the motions [Entry #27, #28, #37], and the Employees filed a reply [Entry #47]. This matter having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions to dismiss are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the motions to dismiss.

I.   Factual and Procedural Background

Plaintiff was employed as a Registered Nurse at the Federal Correctional Institution (FCI) Williamsburg, a medium security facility in Salters, South Carolina. She was terminated days prior to the end of the initial one-year probationary period, allegedly due to her poor performance with respect toward the complaints of an inmate who subsequently died of an inoperable brain tumor ("Inmate").

Plaintiff filed suit in the Court of Common Pleas in Williamsburg County against the Attorney General, the BOP and three Employees of FCI Williamsburg "pursuant to Title VII of the United States Code and the laws of South Carolina." Complaint at ¶1. Plaintiff asserted the state court had "jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon the Title VII." *Id.* at ¶10. Specifically, Plaintiff asserted the following five causes of action in the complaint:

First:      against BOP for wrongful termination in violation of public policy;

Second:    against BOP and Employees for 42 U.S.C. § 1983;

Third:     against BOP for breach of contract;

Fourth:    against Employees for civil conspiracy; and

Fifth:     against Employees for mental and emotional distress.

No cause of action is specifically alleged against the Attorney General. After service, the Attorney General removed the case to federal court on March 14, 2011, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 et seq.

The Attorney General and the BOP filed a motion to dismiss, alleging that Plaintiff fails to state a cause of action under Title VII and failed to comply with the administrative prerequisites to suit required by Title VII. Further, the motion argues that this court lacks subject matter jurisdiction over the three causes of action against the federal government arising out of wrongful termination, breach of contract, and § 1983. Defendant Employees filed a separate motion to dismiss the three causes of action against them under § 1983, civil conspiracy, and for mental and emotional distress.

In her response to the motions, Plaintiff represented that she is not pursuing any cause of action for violations of Title VII, but is only pursuing causes of action for breach of contract, wrongful termination, 42 U.S.C. § 1983, civil conspiracy, and intentional infliction of emotional distress. The undersigned addresses each claim seriatim:

II.     Discussion

    A.     Standard of Review

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 766 (4th Cir. 1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1), the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Richmond*, 945 F.2d at 768.

3

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    B.    Analysis

        1.    Wrongful Termination in Violation of Public Policy

In her First Cause of Action, Plaintiff alleges that the BOP terminated her after she reported the medical mistreatment of the Inmate. In an order dated September 2, 2011, the undersigned directed Plaintiff to submit briefing "explaining why her complaint should not be dismissed as precluded by the exclusivity of the remedies and procedures provided in the Civil Service Reform Act of 1978 (CSRA) and the Whistleblower's Protection Act of 1989, and the case law applying the same." [Entry #35 at 2]. In response, Plaintiff argued that the CSRA does not apply to her claims that do not hinge on a personnel decision, but conceded that her termination constituted a personnel decision. [Entry #37 at 4].

4

When Congress enacted the CSRA, it sharply limited access to judicial review by those affected by adverse personnel decisions. The CSRA constitutes a thorough remedial scheme for civil service employees, detailing exactly when judicial review of administrative decisions is available. The Supreme Court has read this extensive statutory framework to preclude judicial review of adverse personnel decisions except where explicitly provided for in the CSRA. *United States v. Fausto*, 484 U.S. 439 (1988). Under the CSRA, judicial review is provided only for actions that are appealable to the Merit Systems Protection Board ("Board") and which result in a final order or decision. *See* 5 U.S.C. §§ 7701 and 7703. In that event, review may be sought exclusively in the Federal Circuit Court of Appeals, not a district court. *See* 5 U.S.C. § 7703(b)(1).

Here, Plaintiff was classified as a "probationary employee" and such probationary employees are excluded from the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A), and consequently have no right of appeal to the Board. Thus, except for in limited circumstances that are not applicable here, probationary employees have no right to judicial review under sections 7701 and 7703. The Supreme Court has found that such exclusions in the statutory scheme display a congressional intent to deny the excluded employees the protections of Chapter 75, including judicial review, for personnel actions covered by the chapter. *See Fausto*, 484 U.S. at 447. Therefore, the court is without jurisdiction to entertain Plaintiff's claim for wrongful termination, and the undersigned recommends this claim be dismissed.

5

### 2. § 1983 Claim Against BOP and Employees Fail to State a Claim

In her Second Cause of Action, Plaintiff alleges that the BOP and Employees conspired against her to deprive her of her constitutional rights and her liberties under the Constitution, that the BOP failed and refused to protect her civil rights, and that the BOP failed and refused to utilize the proper policies and procedures of the Bargaining Unity Agreement, the BOP and Human Resources.

In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a person acting under color of state law. *See* 42 U.S.C. § 1983. As federal employees, Employees could not have acted under the color of state law. Additionally, the BOP is a federal agency which does not act under the color of state law. Therefore, Plaintiff's complaint therefore fails to state a viable § 1983 claim against the BOP or Employees. For the foregoing reasons, it is recommended that Plaintiff's Second Cause of Action under § 1983 be dismissed because it fails to state a claim upon which relief can be granted.

### 3. Breach of Contract against BOP

In her Third Cause of Action, Plaintiff alleges that the BOP illegally breached the agreement/contractual relationship with her, and violated its own policies and procedures in evaluating and disciplining her and in her representation during the process of her

termination. The court's November 15, 2011 order to show cause stated the following related to Plaintiff's breach of contract claim:

> Further, Plaintiff has failed to comply with the court's order dated September 2, 2011 directing her to identify and provide a copy of the contract the BOP allegedly breached and to detail how she exhausted her administrative appeals prior to filing this action. In light of the application of the FTCA to this case, Plaintiff is permitted until December 1, 2011 to supplement her briefing in opposition to the motions to dismiss/summary judgment.

[Entry #50 at 5].

In Plaintiff's response, she states only that: "The basis of the Plaintiff's contract claim is the Defendant's policies and procedures. The Plaintiff pursued termination through the Union. It was determined that a violation of the policies had occurred when a failure to properly investigate the Plaintiff's concerns occurred. *Id*."[1] [Entry #53 at 4]. However, Plaintiff neither directs the court to a specific policy, nor attaches any documentary evidence allegedly constituting a contract. Therefore, because Plaintiff has failed to allege specific factual allegations indicating the BOP breached an employment contract, her breach of contract claim cannot survive. For the foregoing reasons, it is recommended that Plaintiff's Third Cause of Action for breach of contract be dismissed because it fails to state a claim upon which relief can be granted.

---

[1] Although it is unclear whether Plaintiff's use of "*Id.*" refers to the previously cited case or the preceding footnote, it appears that Plaintiff is referring to a memorandum regarding a Union settlement agreement related to Plaintiff's termination, which can be found at Entry #37-4. However, this document also fails to address any specific policy or procedure and does not allege that the BOP breached an employment contract by terminating Plaintiff.

### 4. Remaining Claims Against Employees

In her Fourth Cause of Action, Plaintiff alleges that the Employees engaged in an civil conspiracy to harm her by providing false information about her that allegedly caused her employment to be terminated, and that they fraudulently provided the information to the BOP to deflect responsibility for the Inmate's death away from themselves. In her Fifth Cause of Action, Plaintiff alleges that the Employees intentionally inflicted severe mental and emotional distress on her.

#### a. Substitution of the United States for Employees

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (1988) ("FTCA"), as amended by the Westfall Act, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). The United States Attorney for the District of South Carolina has certified that, at the time of the conduct alleged, the Employees were acting within the scope of their employment. The undersigned recommends the court substitute the United States as the sole defendant with respect to the state law causes of action set out in the complaint against the Employees.

Upon the substitution of the United States as defendant, the FTCA applies to the suit. The Westfall Act grants a federal employee immunity from suit when "acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). The Supreme Court has noted "that the Attorney

General's certification is 'the first, but not the final word' on whether the federal officer is immune from suit and, correlatively, whether the United States is properly substituted as a defendant." *Osborn v. Haley*, 549 U.S. 225, 228 (2007) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995)). Following this lead, the Fourth Circuit has held that the certification serves as prima facie evidence or creates a presumption that the federal employee was acting within the scope of his employment at the relevant time. *Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997) ("We specifically hold that the certification satisfies the government's prima facie burden but does not carry any evidentiary weight unless it details and explains the bases for its conclusions.")

The Attorney General's certification is conclusive unless challenged. *Gutierrez de Martinez v. Drug Enforcement Administration*, 111 F.3d 1148, 1153 (4th Cir. 1997). A challenge to the certification "shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Id.*; *see also Goldstein v. Moatz*, 364 F.3d 205, 220 (4th Cir. 2004); *and Maron*, 126 F.3d at 323 ("We join with our sister circuits in placing the burden of proof on the Plaintiff to refute the scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment.").

In *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000), the Fourth Circuit articulated the burden-shifting scheme:

> [T]he plaintiff has the burden of persuasion to refute the certification of scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment. If the plaintiff presents persuasive evidence refuting the certification, the burden shifts to the United States to provide evidence and analysis to support its conclusion that the torts occurred within the scope of employment. To carry its burden, the plaintiff must submit specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation.

*Id.* (internal quotation marks and citations omitted). The *Borneman* court continues: "[a]t all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual disputes." *Id.*

The Attorney General's scope certification serves as prima facie evidence that the federal employee was acting within the scope of his employment and this certification will be accepted by the court unless challenged. A plaintiff wishing to challenge the certification must come forward with competent evidence rebutting the certification. Only if the plaintiff presents persuasive evidence rebutting the certification does the burden shift to the United States to come forward with evidence and analysis supporting the certification.

On October 14, 2011, the United States filed a Notice of Substitution of Parties [Entry #45] pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"). The Notice substituted the United States for the Employees with respect to Plaintiff's Fourth and Fifth Causes of Action.

By order dated November 15, 2011, the undersigned permitted Plaintiff until December 1, 2011 to present evidence rebutting the certification. In her response, Plaintiff argues: "Based on the evidence available to the Court and presented the Defendants acted outside of their employment when they acted as they did. There is persuasive evidence that the act of representing false allegations to have an employee terminated is outside the scope of one[']s employment." [Entry #4]. However, Plaintiff fails to cite to any evidence and presents nothing more than conclusory allegations of unspecified false representations by Employees. Plaintiff's allegations and arguments, without more, are insufficient to rebut the Attorney General's scope certification.

        b.        Preclusion of state law claims under the CSRA

The question still remains whether Plaintiff's state law claims are precluded by the CSRA. Plaintiff appears to argue that they are not precluded because her Fourth and Fifth causes of action do not involve personnel actions or decisions, but involve actions by employees who did not have authority to make personnel decisions. However, the Fourth Circuit has considered whether an employee complaining of negative personnel actions could sustain a claim for conspiracy by other employees in light of the CSRA. In holding that the CSRA precluded the claim of conspiracy, the Fourth Circuit found:

> [S]omeone with authority to do so made the personnel decisions of which [Plaintiff] complains, regardless of whether the decisions were influenced by someone without such authority. Allowing a federal employee to sue those people who may have influenced a supervisor's decision to take a certain personnel action "would create an obstacle to the attainment of Congress's goal of unifying challenges to federal personnel decisions in a single administrative forum." *Broughton v. Courtney*, 861 F.2d 639, 641

(11th Cir. 1988). Furthermore, knowledge by a supervisor that making a particular personnel decision may give rise to a lawsuit against those who have influence over him would no doubt discourage some supervisors from taking legitimate personnel actions. *Cf. Fausto*, 484 U.S. at 445.

*Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000). Therefore, because Plaintiff's Fourth and Fifth causes of action complain of Employees' actions which allegedly influenced the decision to terminate her, such claims are also precluded by the CSRA, and it is recommended that these claims be dismissed.

   III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant the motions to dismiss, and dismiss Plaintiff's complaint in its entirety against all defendants.[2]

   IT IS SO RECOMMENDED.

*[signature]*

January 9, 2012                                    Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The scheduling order deadlines are suspended pending the District Judge's disposition on the motions to dismiss.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).