IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paula Gail Karangelen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:11-cv-612-TLW-SVH |
| | ) | |
| Eric Holder, Attorney General; Federal Bureau of Prisons; Dr. Massa; Ms. Merritt; Mary Birchler; and United States of America, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

On March 14, 2011, the defendants removed this civil action to this Court asserting jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1442(a)(1). (Doc. # 1). On April 20, 2011, defendants Attorney General Holder and the Federal Bureau of Prisons filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. # 5). On May 12, 2011, defendants Dr. Massa and March Birchler filed a motion to dismiss under Rule 12(b)(6). (Doc. # 14). The plaintiff filed responses to these motions (Docs. 27, 28, 37), and the defendants submitted a reply (Doc. # 47). The plaintiff also filed a response to the Order to Show Cause issued by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned. (Doc. # 53).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge assigned to this case. (Doc. # 57). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motions to dismiss and dismiss the plaintiff's complaint in its entirety against all defendants. (Doc. # 57). The plaintiff filed

1

objections to the Report. (Doc. # 58). The defendants submitted a reply to the objections. (Doc. # 59). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

With respect to the first cause of action against the Federal Bureau of Prisons, the plaintiff states in her objections that "[t]he Court is correct that . . . this Court does not have jurisdiction over the Plaintiff's claim for Wrongful Termination in violation of public policy only." (Doc. # 58, p. 4). The plaintiff thus concedes her first cause of action should be dismissed.

The plaintiff's second cause of action is pursuant to 42 U.S.C. § 1983 and against the Federal Bureau of Prisons, Massa, Merritt, and Birchler. The Magistrate Judge recommends dismissal because § 1983 provides a remedy for certain injuries caused by persons acting under color of state law. Massa, Merritt, and Birchler are federal employees who could not have acted under state law, and the Bureau of Prisons is a federal agency which does not act under the color of state law. In her objections, the plaintiff argues this claim can be maintained under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the United States Court of Appeals for the Fourth Circuit has held that "a Bivens remedy is inappropriate where the 'special

factor' of federal employment exists." Zimbelman v. Savage, 228 F.3d 367, 370 (4th Cir. 2000); see also Bush v. Lucas, 462 U.S. 367, 368 (1983) (refusing to recognize a First Amendment Bivens action brought by a federal employee against the director of a space flight center). The plaintiff's objection to the dismissal of this claim is, therefore, overruled.

The plaintiff has not asserted any objections to the Magistrate Judge's recommendation that her third cause of action for breach of contract be dismissed.

The plaintiff's fourth cause of action for civil conspiracy and fifth cause of action for mental and emotional distress are asserted against defendants Massa, Merritt, and Birchler. These three defendants were the plaintiff's supervisors. Compl. ¶ 83 (Doc. # 1, attach. 1). The defendants filed a notice substituting the United States for defendants Massa, Merritt, and Birchler and a certification by the Attorney General that these three defendants were, at the time of the conduct alleged, acting within the scope of their employment. (Doc. # 45). The plaintiff objects to the Magistrate Judge's conclusion that she has not sufficiently rebutted the Attorney General's certification. She asserts that these defendants acted outside the scope of their employment by attempting to shift the blame for the death of an inmate who had an inoperable brain tumor to the plaintiff and that "the act of representing false allegations to have an employee terminated is outside the scope of one[']s employment." However, while the plaintiff objects to the substitution of the United States as a defendant, the plaintiff asserts no objection to the Magistrate Judge's recommendation that her fourth and fifth causes of action are precluded by the Civil Service Reform Act of 1978 ("CSRA"). The Court is thus not required to review the portion of the Report recommending the fourth and fifth causes of action be found precluded. See Wallace, 791 F. Supp. at 138 ("[T]he Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

judge as to those portions of the report and recommendation to which no objections are addressed."). Even if the Court were to review this portion of the Report, it would accept the recommendation that these claims be dismissed. See Hall v. Clinton, 235 F.3d 202 (4th Cir. 2000) (holding that the CSRA precludes a civil rights conspiracy claim under 42 U.S.C. § 1985(1) and reasoning that "[a]llowing a federal employee to sue those people who may have influenced a supervisor's decision to take a certain personnel action would create an obstacle to the attainment of Congress's goal of unifying challenges to federal personnel decisions in a single administrative forum" (citation and internal quotations marks omitted)); Medley v. Hawk-Sawyer, 133 F. Supp. 2d 883, 889 (N.D.W. Va. 2001) (concluding that the CSRA preempted a federal employee's civil rights conspiracy claims).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 57). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motions to dismiss (Docs. 5, 14) are **GRANTED**, and the plaintiff's complaint is **DISMISSED** in its entirety against all defendants.

**IT IS SO ORDERED**.

                                          s/Terry L. Wooten
                                          United States District Judge

March 12, 2012
Florence, South Carolina